IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PITTSBURGH HOME AND GARDEN SHOW, INC., </br>      Plaintiff, </br></br>vs. </br></br>SCRIPPS NETWORKS, INC., and THE E.W. SCRIPPS COMPANY </br></br>      Defendants. </br></br>PITTSBURGH HOME AND GARDEN SHOW, INC., </br></br>      Third-Party Plaintiff, </br>vs. </br></br>CLUBHOUSE PUBLISHING, INC., f/k/a/ GULFSHORE MEDIA, INC., CURTCO/GSM, LLC, CURTCO ROBB MEDIA, LLC AND CURTCO MEDIA LABS, LLC., </br></br>      Third-Party Defendants. | Civil Action No. 03-1477 |

## MEMORANDUM OPINION AND ORDER

Pending before this Court are three motions by Defendant Scripps Networks, Inc. ("Scripps"): (1) a Motion for Extension of Time to File a Reply Brief to PHGS' Motion in Opposition to Scripps' Motion for Partial Summary Judgment [159] ("Motion for Extension of Time"); (2) a Motion to Strike [157] affidavits in support of Plaintiff Pittsburgh Home and Garden Show ("PHGS") and Third Party Defendant Clubhouse Publishing f/k/a Gulfshore Media ("Gulfshore") motion in opposition to Scripps' Motion for Partial Summary Judgment; and (3) a Motion for Partial Summary Judgment [129]. The Court will address each motion, in turn.

1

### I. Motion for Extension of Time

In its Motion for Extension of Time, Scripps has requested that the Court rule on its Motion to Strike prior to its Motion for Summary Judgment and to grant it an extension of time to file a Reply Brief to PHGS' motion in opposition. (Docket No. 159.) Such motion is DENIED. This Court has inherent authority to determine the sequence in which it will rule on pending motions in such a manner to make efficient use of judicial resources, and as such, declines to acquiesce to such request by Scripps. *See Jackson v. University of Pittsburgh*, 141 F.R.D. 253, 254 (W.D. Pa. 1992) (citations omitted). Further, the filing of a reply brief by Scripps is unnecessary as the parties have filed supplemental briefs and both have represented to the Court that no further briefing on the pending motions is necessary. (*See* Court text only entry of Sept. 10, 2007; Docket Nos. 180, 181 & 182.)

### II. Motion to Strike

Upon consideration of the Motion to Strike, and the corresponding briefs and exhibits, such motion is DENIED. The challenges asserted by Scripps that such affidavits lack personal knowledge or are not relevant are without merit. The Court agrees with PHGS that the sections of the affidavits asserted as improper legal opinions by Scripps' are admissible to establish the state of mind of PHGS and Gulfshore and are relevant as to whether both have acted in good faith to counter a claim that PHGS is committing a continuing fraud on the Patent and Trademark Office. (Docket No. 168 at 12-14.) Further, the portions of affidavits challenged under the sham affidavit doctrine do not constitute a 'sham' under the flexible approach adopted by the Third Circuit. *See Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 253-254 (3d Cir. 2007) (describing that courts are not to assume that all contradictory affidavits are shams, but should refuse to disregard the affidavit if there

is independent evidence in the record to support statements in the affidavit or if the party can sufficiently explain the discrepancy, including evidence to establish that the affiant was "understandingly mistaken, confused, or not in possession of all the facts during the previous deposition.")

> III. *Motion for Partial Summary Judgment*

As the moving party on its Motion for Partial Summary Judgment, Scripps has the burden to prove that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. Pro. 56(c). Scripps has asserted both a counterclaim and affirmative defense of fraud against PHGS and argues that the registration of the DREAM HOME® trademark should be cancelled under 15 U.S.C. § 1064(3). As Scripps bears the ultimate burden of proof at trial on both the counterclaim and defense, in its motion for partial summary judgment, it now carries the burden of proving that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law for every element of its counterclaim/affirmative defense.

"Fraud in procuring a [ ] mark occurs when an applicant knowingly makes false, material representations of fact in connection with an application." *Metro Traffic Control v. Shadow Network*, 104 F.3d 336, 340 (Fed.Cir.1997). To succeed on its fraudulent procurement claim, Scripps must prove by clear and convincing evidence that the registrant: (1) made a false representation of material fact to the Patent and Trademark Office ("PTO"); (2) had actual knowledge or belief that the representation was false; and (3) had intent to induce the PTO to rely on such representation and award it a registration to which it was not entitled. *Marshak v.*

3

*Treadwell*, 58 F.Supp.2d 551, 566 (D.N.J. 1999) (aff'd 240 F.3d 184, 196 (3d Cir 1999)).[1] Further, Scripps must also prove actual reliance on such representation by the PTO and damages resulting from such registration. *Id.*

With regard to the intent element, "[f]raud against a registrant will not lie where a statement was a false misrepresentation occasioned by honest misunderstanding, inadvertence, negligent omission, or the like. Rather, fraud requires proof of a willful intent to deceive." *Id.*; *See Metro Traffic Control, Inc. v. Shadow Network Inc.*, 104 F.3d 336, 340 (Fed.Cir.1997) (intent to deceive must be proved to succeed on a claim of fraudulent procurement); *See also Resorts of Pinehurst, Inc. v. Pinehurst Nat. Corp*, 148 F.3d 417, 420 (4th Cir 1998) ("To prevail, [the alleging party] must prove by clear and convincing evidence that [the registrant] knowingly ma[de] false, material representations of fact and intended to deceive the Patent and Trademark Office.").

Upon consideration of the Motion for Partial Summary Judgment, the arguments of counsel and all briefs and exhibits filed in support of or in opposition to the Motion, the Court finds that genuine issues of material fact exist as to the alleged false representations made to the PTO by Gulfshore, actual knowledge that such representations were false and the alleged fraudulent intent of Gulfshore.

---

[1] In *Marshak*, the Third Circuit found that jury instructions given at the district court level, including the elements of fraudulent procurement discussed here, were unobjectionable except that such instructions also included a statement that "[t]he defense of fraud will turn upon whether you believe that the persons who registered the mark knew or reasonably should have known that someone else had legal rights to the name [in question]." *Marshak*, 240 F.3d at 196. The Court held that such statement was erroneous, but its inclusion in the jury instructions did not constitute reversible error. *Id*. The correct standard, as indicated in element (2) here and as stated by the Court is that "a challenging party must adduce evidence that the registrant actually knew or believed" that the representation was false. *Id*.

Scripps asserts that the signing of Mr. Dean's name by someone else on the trademark registration documents, including sworn affidavits, in a manner attempting to mimic the style of his signature, conclusively proves fraudulent intent. The argument continues that as a result of the mimicked signature that all representations made within those documents necessarily constitute falsehoods or misrepresentations, and that the signer had actual knowledge that such signature was not her own.

PHGS counters by offering deposition testimony of Pam Flanagan, Jimmy Dean, and Jocelyn Stevens that both Flanagan and Stevens either were authorized or believed that they were authorized to sign documents in Mr. Dean's name, on his behalf, when he was unavailable. (Docket No. 147 at ¶¶ 13, 22, 30, 40, 42, 45, and 55.) Further, PHGS offers testimony or affidavits of Flanagan, Dean, Stevens, Thomas Anderson and Lynne Groth sufficient to establish a genuine issue of fact as to whether Gulfshore had knowledge of the use of the DREAM HOME® mark in commerce, and that the representations in the declarations to the PTO were not false. (Docket No. 147 at ¶¶ 25, 58, 69 and 71.)

Further, issues involving state of mind, including fraudulent intent and actual knowledge, both applicable here, are factually intensive, require credibility determinations within the province of a jury and are generally not determined at the summary judgment stage. *See Metzger v. Osbeck*, 841 F.2d 518, 521 (3d Cir. 1988) ("a court should be reluctant to grant a motion for summary judgment when resolution of the dispositive issue requires a determination of state of mind, for in such cases much depends upon the credibility of witnesses testifying as to their own states of mind, and assessing credibility is a delicate matter best left to the fact finder."); *see also Copelands' Enterprises, Inc. v. CNV, Inc.*, 945 F.2d 1563, 1567 (Fed.Cir 1991) ("As a general rule, the factual

question of intent is particularly unsuited to disposition on summary judgment."). Interpreting the facts in a light most favorable to the PHGS, and drawing all reasonable inferences in its favor as required, *see Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007), the Court finds that genuine issues of material fact exist sufficient for a reasonable jury to return a verdict for PHGS. *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005).

Accordingly, based on the foregoing, the Court **DENIES** the Motion for Extension of Time [159]; **DENIES** the Motion to Strike [157] and **DENIES** the Motion for Partial Summary Judgment [129].

The Court further orders that the parties file their Pre-Trial Statements in accordance with this Court's policies and procedures and pursuant to the following schedule:

1. Plaintiff PHGS' Pre-Trial Statement shall be filed on or before March 31, 2008;
2. Defendant Scripps' Pre-Trial Statement shall be filed on or before April 14, 2008; and
3. Third-Party Defendants' Pre-Trial Statement shall be filed on or before April 28, 2008.

In addition, lead trial counsel shall appear for a scheduling conference to enter the Pretrial Order and determine a trial date on May 19, 2008 at 1:00 p.m.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: March 17, 2008

cc/ecf: All counsel of record.